IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GABRIEL H. DELGADO VILLEGAS,** : | |
| Petitioner, : | |
| : | |
| v. : | Civ. No. 25-6143 |
| : | |
| **PAMELA BONDI,** *et al.*, : | |
| Respondents. : | |
| : | |

**O R D E R**

Gabriel H. Delgado Villegas has filed a counseled habeas petition, alleging that he is being detained in violation of the Immigration and Nationality Act and due process. 28 U.S.C. § 2241. (Doc. No. 1.) I agree that the Government has misread the INA and that Delgado is entitled to a bond hearing before an Immigration Judge. See 8 U.S.C. § 1226.

**I.     BACKGROUND**

Delgado is a citizen of Mexico. (Doc. No. 1 ¶ 5.) On January 1, 2000, he entered the United States "without inspection"—i.e., in violation of the law. See 8 U.S.C. § 1325. (Doc. No. 1 ¶ 10.) On October 22, 2025, ICE agents stopped Delgado on his way to work and, after inquiring about his legal status, took him into custody. (Id. ¶ 12.) Delgado was transferred to the Philadelphia ICE office and then to the Philadelphia Federal Detention Center, where he is currently held. (Id. ¶ 13.) He has no criminal record. (Id. ¶ 14.) Delgado's removal proceedings are pending before the Newark Immigration Court. (Id. ¶ 16.)

Less than a week after he was detained, Delgado filed the instant habeas petition. (Doc. No. 1.) Delgado then filed a Motion for an order directing Respondents to show cause why his Petition should not be granted. (Doc. No. 2.) The matter is fully briefed. (Doc. Nos. 1, 2, 7, 8.)

1

## II. LEGAL STANDARDS

I may grant habeas relief to any person "in custody in violation of the Constitution or laws or treaties of the United States." 8 U.S.C. § 2241(c)(3). "Habeas is a core remedy for unlawful executive detention" that is "regularly invoked on behalf of noncitizens." Munaf v. Geren, 553 U.S. 674, 693 (2008); INS v. St. Cyr, 533 U.S. 289, 301 (2001).

Although immigration courts may offer helpful guidance, on matters like this one, I must exercise "independent judgment." Loper Bright Enters. v. Raimondo, 603 U.S. 369, 385–86, 388 (quoting Skidmore v. Swift & Co., 323 U.S. 134, 139–40 (1944)).

## III. RESPONDENTS

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). See also 28 U.S.C. § 2243 ("The writ . . . shall be directed to the person having custody of the person detained.") "Accordingly, 'in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.'" Demirel v. Federal Detention Ctr. Philadelphia, No. 25-5488, 2025 WL 3218243, at *2 (E.D. Pa. Nov. 18, 2025) (quoting Padilla, 542 U.S. at 435).

Here, named Respondents are the Attorney General (Pamela Bondi), the Secretary of Homeland Security (Kristi Noem), the Acting Director of ICE (Todd Lyons), and the Warden of the Philadelphia Federal Detention Center (whose name is not provided). As Ms. Bondi, Ms. Noem, and Mr. Lyons are "'remote supervisory official[s],' I will dismiss them as Respondents." Id. (quoting Padilla, 542 U.S. at 435).

## IV. DISCUSSION

The Government acknowledges that "[t]he factual and legal issues presented in this habeas

2

corpus petition do not differ in a material way from those considered and decided by this Court in Demirel," as "[b]oth the instant petition and Demirel concern whether an alien who is present in the United States without admission is properly subject to mandatory detention (i.e., detention without the prospect of release on bond) during the pendency of his administrative removal proceedings pursuant to 8 U.S.C. § 1225(b)(2), and the Court's jurisdiction to consider a petition for release from that custody." (Doc. No. 7 at 1–2.)  "The United States responds in opposition to the instant petition on the same grounds that it did in Demirel for purposes of appellate preservation, mindful that the Court has found these arguments (but for that addressing due process, which the Court did not reach) unpersuasive." (Id. at 2.)

As I noted in Demirel, district courts have overwhelmingly rejected the INA construction the Government then offered (and offers again here).  2025 WL 3218243, at *1.  For the reasons discussed in Demirel, I will grant Delgado's Petition and order the remaining Respondent to afford Delgado "the procedural protections that § 1226(a) provides: a bond hearing before an IJ and an appeal to the [Bureau of Immigration Appeals] should the IJ deny bond." 2025 WL 3218243, at *5.  I will once again not reach the issue of whether continued detention under these circumstances violates due process.  See id. at *5.

## V.     CONCLUSION

**AND NOW**, this 3rd day of December, 2025, upon consideration of Delgado's Petition (Doc. No. 1) and Motion for Order to Show Cause (Doc. No. 2), the Government's Response (Doc. No. 7), and Delgado's Reply (Doc. No. 8), it is hereby **ORDERED** that Delgado's Petition (Doc. No. 1) is **GRANTED**  as follows:

1. **Delgado is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)**, and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

3

2. All claims against Bondi, Noem, and Lyons are **DISMISSED**;

3. **On or before** **December 11, 2025**, the Warden of the Philadelphia Federal Detention Center **shall provide** Delgado with a **bond hearing in accordance with 8 U.S.C. § 1226(a)**;

4. Should the IJ deny bond, the Warden of the Philadelphia Federal Detention Center **shall provide** Delgado the opportunity to appeal to the BIA.

                                    **AND IT IS SO ORDERED.**

                                    */s/ Paul S. Diamond*
                                    Paul S. Diamond, J.