**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GABRIEL H. DELGADO VILLEGAS,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **Civ. No. 25-6143** |
| | : | |
| **PAMELA BONDI, *et al.*,** | : | |
| **Respondents.** | : | |
| | : | |

---

**O R D E R**

On December 4, 2025, I ordered that Petitioner receive a bond hearing subject to review by the Board of Immigration Appeals. (Doc. No. 9.) Immigration Judge Tamar Wilson then held a hearing and denied bond. (Doc. No. 10 at 1.) Petitioner did not seek BIA review. Rather, he has submitted a status update, in which he asks me to: (1) "order his immediate release from ICE custody under appropriate conditions of supervision"; or (2) if I "conclude[] that further factual development is necessary to determine the least restrictive conditions of release . . . conduct a prompt individualized bond hearing [my]self." (Doc. No. 10 at 6.) In support, Petitioner argues that the IJ denied him due process by failing to: (1) conduct factfinding based on a record produced before her; (2) make a "genuinely" individualized determination of Petitioner's interests; and (3) consider reasonable alternatives to detention. See Ghanem v. Warden Essex Cnty. Corr. Facility, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022); Ousman D. v. Decker, No. 20-9646, 2020 WL 5587441, at *4 (D.N.J. Sept. 18, 2020). (Doc. No. 10 at 3–5.) Respondents argue Petitioner's instant request is premature as he has yet to exhaust his appeal to the BIA. (Doc. No. 11; see also Doc. No. 9 ("Should the IJ deny bond, the Warden of the Philadelphia Federal Detention Center shall provide Delgado the opportunity to appeal to the BIA.").) I agree with Respondents.

"[A]s a prudential matter courts frequently require habeas petitioners like [Petitioner] to fully exhaust their administrative remedies prior to filing for habeas corpus relief." Chajchic v. Rowley, No. 17-457, 2017 WL 4401895, at *3 (M.D. Pa. July 25, 2017), report and recommendation adopted, No. 17-457, 2017 WL 4387062 (M.D. Pa. Oct. 3, 2017) ("this court could decline to further review this bond determination at this time and insist instead that [the petitioner] fully exhaust his administrative appeals through an appeal of this bond decision to the BIA").  Petitioner does not explain why I should excuse his failure to appeal the IJ's denial of bond.  (Doc. Nos. 9, 10.)  Cf. Demirel v. Fed. Det. Ctr. Philadelphia, No. 25-5488, 2025 WL 3218243, at *3–4 (E.D. Pa. Nov. 18, 2025) (exhaustion not required where the issue presented only involves statutory construction and where exhaustion would be futile because the BIA had "predetermined the statutory issue").

Even if I were to excuse the failure to exhaust, because the Petitioner has provided me no record of the hearing, I am unable to determine whether it comported with due process.  See Ousman D., 2020 WL 5587441, at *3 ("Because Petitioner has not provided the record from the bond hearing, and because Petitioner has the burden of proof, the Court cannot conclude that he received a constitutionally deficient bond hearing."); see also Ghanem, 2022 WL 574624, at *3 ("just because there are disagreements about the outcome of the bond hearing, . . . does not mean that the IJ violated due process in conducting the bond hearing").

Accordingly, given Petitioner's failure to submit a record, I am unable to address the instant request for relief.

*                          *                          *

**AND NOW**, this 18th day of December, 2025, upon consideration of Petitioner's Status Update (Doc. No. 10) and Respondent's Response (Doc. No. 11), it is hereby **ORDERED** that the

request set forth in Petitioner's Status Update (Doc. No. 10) is **DENIED** without prejudice.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*

Paul S. Diamond, J.